IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| LOP Capital, LLC, and<br>Strategic Lending Solutions, LLC,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Cosimo, LLC, Capital Investment<br>Funding, LLC, and CIF Property<br>Holdings, LLC,<br><br>                    Defendants. | Civil Action No. 7:11-3312-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiffs' motion to remand (doc. 5) and motion for Rule 11 sanctions (doc. 6) and the defendants' motion to consolidate cases (doc. 10). The Honorable J. Michelle Childs, United States District Judge, referred the instant case to the undersigned for pretrial management and motions on January 23, 2012.

## BACKGROUND

Plaintiff, LOP Capital, LLC ("LOP"), first brought a foreclosure action in Spartanburg County, C.A. No. 2009-CP-42-6973, against defendants, Cosimo, LLC, Capital Investment Funding, LLC, and CIF Property Holdings, LLC. A summons and complaint were filed on December 30, 2009, alleging the defendants' fraudulent conduct, which is identical to the alleged conduct in the case before this court. On February 19, 2010, the defendants filed an answer and counterclaim. That case was referred to a state court Master-In-Equity on June 23, 2010. At a pre-trial conference on April 25, 2011, the state court set the trial date in the foreclosure case for May 18, 2011.

On May 4, 2011, defendant Cosimo, LLC, filed for bankruptcy protection, C.A. No. 11-03012-hb, thereby staying the foreclosure case before the Master-In-Equity in Spartanburg County. A hearing took place on August 12, 2011, before the Honorable Helen E. Burris, United States Bankruptcy Judge, regarding LOP's motion for relief from the

automatic stay and asking that the matter be returned to state court. On August 26, 2011, the bankruptcy court issued an order lifting the stay and remanding the case back to the Spartanburg County Master-In-Equity. The order states in pertinent part:

> After weighing the facts as presented through arguments of counsel and in light of the twelve (12) factors set forth in the case of *In re Sonnax Industries, Inc.*, 907 F.2d 1280 (2nd Cir. 1990), which are to be weighed in deciding whether litigation should be permitted to continue in another forum, this Court finds that the pending matter involves . . . real property. The state court judge is equally or better suited to determine this pending matter and there would be no prejudice to the creditors of the Debtor if the matter is returned to state court, with certain limitations.

(Pl. m. to remand, ex. A). Cosimo's bankruptcy action was later dismissed, *sua sponte*, in an order dated October 4, 2011 (*id.*, ex. B).

On October 31, 2011, the day trial was to begin, the Honorable Gordon G. Cooper, Master-In-Equity, dismissed the case without prejudice for failing to file a response to the counterclaim of defendants and failure to name a real party in interest. This order was entered on November 4, 2011, and received by LOP on November 9, 2011. On November 17, 2011, LOP filed a motion to alter or amend judgment. According to LOP, the motion is still pending.

After the order dismissing C.A. No. 2009-CP-42-6973 without prejudice, the plaintiff, now joined with Strategic Lending Solutions, LLC ("Strategic"), once again filed a foreclosure action in Spartanburg County, Master-In-Equity, on November 8, 2011, against the defendants. On December 6, 2010, the defendants filed a notice of removal to federal court, claiming diversity of citizenship under 28 U.S.C. §§ 1332 and 1441(b).

Also on December 6, 2011, defendants Cosimo and Capital Investment Funding filed a complaint in this court against LOP and Strategic, along with several individual defendants (C.A. No. 6:11-3321-JMC-KFM). They allege misrepresentation, fraud, and misconduct related to the actions of LOP and Strategic in securing a judgment in Georgia by circumventing and damaging the rights of Cosimo and Capital Investment

Funding in the property to which it attached. Jurisdiction in that case is based upon diversity.

## APPLICABLE LAW AND ANALYSIS

The Fourth Circuit Court of Appeals has stated that removal is to be strictly construed due to the significant federalism concerns implicated by removal. *See, e.g., Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005). Therefore, "[a]ny doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

Despite complete diversity, a case is not removable where one or more of the defendants "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The last sentence of § 1441(b) is what is commonly referred to as "the forum defendant rule." *Deutsche Bank Nat. Trust Co. v. Abraham*, C.A. No. 1:10-1954-MBS-JRM, 2010 WL 3609373, at *3 (D.S.C. 2010) (slip copy).

In this case there is no dispute that the defendants are located and organized under the laws of South Carolina. Indeed, the defendants' notice of removal states:

> Defendants Cosimo, LLC, Capital Investment Funding, LLC and CIF Property Holdings, LLC, are limited liability companies organized and existing under the laws of the State of South Carolina. Cosimo and CIF Property Holdings, LLC are wholly owned subsidiaries of Capital Investment Funding, LLC. Defendants' principal place of business is 1249 S. Pleasantburg Drive, Greenville, South Carolina 29605.

(Notice of removal ¶ 4). Accordingly, the defendants' removal of the instant case was in error because of the forum defendant rule.

The plaintiffs argue that the case must now be remanded pursuant to 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The plaintiffs further seek attorneys fees and costs incurred as a result of the removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The plaintiff

has also filed a motion for Rule 11 sanctions against the defendants' attorneys, arguing they initiated a "frivolous, factually insufficient and legally insupportable attempt to remove a state court proceeding to federal court" (m. for sanctions at 1).

The defendants concede that they "erroneously sought to remove this case on the basis of diversity," but they argue that "the fact that the stated basis for removal was erroneous does not deprive the Court of jurisdiction to hear this matter in light of the power of this Court to exercise its supplemental jurisdiction over the removed action under 28 U.S.C. § 1367" (resp. m. to remand at 3). They argue that the instant case and Civil Action No. 6:11-3321-JMC-KFM are so related to each other that they form part of the same case or controversy. Contemporaneously with their opposition to the motion to remand, the defendants filed motions to consolidate in both cases.

The facts of a recent case within the District of South Carolina are very similar to those of the instant case. *See Trexler v. Richland County Humane SPCA*, C.A. No. 5:09-2173-RBH, 2009 WL 3446764 (D.S.C. 2009).[1] The plaintiffs in the *Trexler* case filed a complaint with the Calhoun County Court of Common Pleas, raising six causes of action: (1) replevin; (2) conversion; (3) intentional infliction of emotional distress; (4) negligence; (5) civil conspiracy (to injure); and (6) abandonment. *Id.* at *1. The defendants' Notice of Removal asserted that the claims were removable pursuant to supplemental jurisdiction under 28 U.S.C. § 1367 because the plaintiffs currently had another case, *Trexler v. Giese et al.*, C.A. No. 0:09-144-RBH-PJG, pending in federal court pursuant to 28 U.S.C. § 1331. In addition, the defendants filed a motion to consolidate the removed action with the pending action before the court. *See id.*

The court in *Trexler v. Richland*, found as follows:

> The complaint originally filed by the plaintiffs in the Court of Common Pleas for Calhoun County fails to arise under federal law. The defendants claim jurisdiction over this action through supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and

---

[1] A similar set of facts with the same result was addressed in the companion case of *Trexler v. Privette*, C.A. No. 3:09-2172-RBH, 2009 WL 3446760 (D.S.C. 2009).

4

> claim that supplemental jurisdiction is appropriate because the state court action arises out of the same events and occurrences and is so related to the claims of the plaintiffs' pending federal action that they form part of the same case or controversy. However, supplemental jurisdiction under 28 U.S.C. § 1367 is not an independent basis for the removal of an action filed in state court that does not contain federal claims. . . . For a court to exercise supplemental jurisdiction over state law claims, the claims within the original jurisdiction of the court must exist in the same action as those state law claims. The defendants are attempting to append state law claims from a separate state court action to an already pending federal case in order to create subject matter jurisdiction for removal, a scenario not contemplated by 28 U.S.C. §§ 1367 and 1441. . . .
>
> The plaintiffs' state court pleading raises six causes of action sounding in state law, but not in federal law. As the court lacks subject matter jurisdiction in this action, this case should be remanded to the South Carolina Court of Common Pleas for Calhoun County for disposition.

2009 WL 3446764, at *2-3 (citations omitted).

Similarly, here, it is clear that the plaintiffs' complaint does not arise under federal law, and proper diversity does not exist. As supplemental jurisdiction cannot serve as an independent basis for removal, this matter must be remanded pursuant to 28 U.S.C. § 1441(c).

The plaintiffs also request that the court award them their costs and fees associated with the removal of this action. Title 28, United States Code, Section 1447(c), provides, in part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The plaintiffs have also filed a separate motion seeking "stiff sanctions upon Defendants for filing the frivolous removal in violation of Federal Rule of Civil Procedure 11" (m. for sanctions at 2). While

5

the defendants admittedly removed the case in error based upon diversity, it does not appear to this court that the defendants' actions in removing the instant case were taken for any improper purpose. This court finds that an award of attorney fees and costs under Section 1447(c) or sanctions under Rule 11 are inappropriate in this case and should be denied.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the plaintiffs' motion to remand this matter to the Master-In-Equity of Spartanburg County (doc. 5) be granted and the plaintiffs' request for attorney fees and costs be denied. The plaintiffs' motion for Rule 11 sanctions (doc. 6) should also be denied. Furthermore, should the district court adopt this court's recommendation with regard to remand, the defendants' motion to consolidate (doc. 10) the instant case with C.A. No. 6:11-3321-JMC-KFM should be denied as moot.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

April 24, 2012
Greenville, South Carolina