IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| LOP Capital, LLC, and<br>Strategic Lending Solutions, LLC,<br>     Plaintiffs,<br><br>   v.<br><br>COSIMO, LLC,<br>Capital Investment Funding, LLC, and<br>CIF Property Holdings, LLC,<br><br>     Defendants. | Civil Action No. 7:11-cv-03312-JMC<br><br>**OPINION AND ORDER** |

This matter is before the court on the Magistrate Judge's Report and Recommendation [Doc. 25]. Plaintiffs LOP Capital, LLC ("LOP"), and Strategic Lending Solutions, LLC ("Strategic" and together with LOP, "Plaintiffs") filed a foreclosure action in the Court of Common Pleas for Spartanburg County, South Carolina on November 8, 2011 ("Foreclosure Action"). On December 6, 2011, Defendants Cosimo, LLC, Capital Investment Funding, LLC, and CIF Property Holdings, LLC ("Defendants") filed a notice of removal to this court, claiming federal court jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) on the basis of diversity of citizenship. Defendants Cosimo, LLC and Capital Investment Funding, LLC also filed a complaint in this court against LOP, Strategic, and several other individuals on December 6, 2011, *see* Civil Action No. 6:11-3321-JMC-KFM, alleging misrepresentation, fraud, and misconduct related to the actions of LOP and Strategic in securing the judgment underlying the Foreclosure Action.

The Magistrate Judge's Report and Recommendation, filed on April 24, 2012, recommends that Plaintiffs' motion to remand this matter to the Master-In-Equity of Spartanburg County [Doc. 5] be granted and Plaintiffs' requests for attorney's fees and costs be denied. In addition, the Magistrate Judge recommended Plaintiffs' motion for Rule 11 sanctions [Doc. 6] be

1

denied and Defendants' motion to consolidate [Doc. 10] this case with Civil Action No. 6:11-3321-JMC-KFM should be denied as moot. Plaintiffs filed partial objections regarding the denial of attorney's fees and costs and denial of Rule 11 sanctions but did not object to any other portions of the Magistrate Judge's recommended dispositions.

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiffs timely filed partial objections to the Report and Recommendation. In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*,

766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

As Plaintiffs did not file specific written objections to the portions of the Report and Recommendation related to Plaintiffs' motion to remand or Defendants' request for consolidation, this court adopts the Magistrate Judge's Report and Recommendation on these matters. However, this court must examine Plaintiffs' specific objections to the Magistrate Judge's recommendation for denial of attorney's fees and costs and denial of Rule 11 sanctions.

The Magistrate Judge found that an award of attorney's fees was not warranted in this case because he found that Defendants had not attempted to remove the case for an "improper purpose." *See* [Doc. 25, at 6]. However, the relevant inquiry is not whether Defendants actions were motivated by an improper purpose, but whether Defendants' actions were objectively reasonable.

A court "may require payment of just costs and any actual expense, including attorney fees" for cases remanded by the district court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). The Supreme Court of the United States has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The Supreme Court found that fee shifting was appropriate in some cases, noting that:

> [t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin*, 546 U.S. at 140.

Section 1441(b)(2) notes that despite complete diversity, a case "may not be removed if any of the… defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441. Defendants' notice of removal clearly states that all three defendants are "limited liability companies organized and existing under the laws of the State of South Carolina" with their principle place of business listed in Greenville, South Carolina. *See* Notice of Removal [Doc. 1, at ¶ 4]. This is directly contrary to the express language of § 1441(b)(2) and, therefore, not objectively reasonable.

While Defendants concede they "erroneously sought to remove this case on the basis of diversity," they nevertheless argue that the court should exercise supplemental jurisdiction over the Foreclosure Action under 28 U.S.C. § 1367 because it forms part of the same case or controversy as the case which Defendants filed in federal court on the same day that they filed for removal of the instant case. This precise argument was not accepted in the recent case, *Trexler v. Richland County Humane SPCA,* C.A. No. 5:09-2173-RBH, 2009 WL 3446764 (D.S.C. 2009). In *Trexler*, the plaintiffs sought to remove their claims for replevin, conversion, intentional infliction of emotional distress, negligence, civil conspiracy (to injure), and abandonment from the Calhoun County Court of Common Pleas to federal court pursuant to supplemental jurisdiction under § 1367 because they had another case, *Trexler v. Giese et al.,* C.A. No. 0:09-144-RBH-PJG, pending in federal court under § 1331. The court found that "supplemental jurisdiction under 28 U.S.C. § 1367 is not an independent basis for the removal of an action filed in state court that does not contain federal claims...As the court lacks subject matter jurisdiction in this action, this case should be remanded to the South Carolina Court of Common Pleas for Calhoun County for disposition." 2009 WL 3446764, at *2-3. Similarly, supplemental jurisdiction cannot be an independent basis for removal in this case and it was not objectively reasonable for Defendants to attempt removal on this basis given the existence of case law clearly prohibiting the assertion of

4

such claim for federal jurisdiction. *See Martin*, *546 U.S.* at 132 (finding that attorney's fees were not appropriate because the defendant's removal request was objectively reasonable where he "relied on case law only subsequently held to be unsound."). Accordingly, the court declines to accept the Magistrate Judge's recommendation on the issue of damages and finds that an award of reasonable attorney's fees is warranted.

However, the court agrees with the Magistrate Judge's recommendation as to Rule 11 sanctions. Rule 11 allows for sanctions on lawyers and parties who present pleadings for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11. Sanctions should only be granted when the removal petition is "so patently without merit that the inescapable conclusion is that it was filed in bad faith." *See ITT Industrial Credit Co. v. Durango Crusher, Inc.*, 832 F.2d 307, 308 (4th Cir. 1987) (citing *Peltier v. Peltier*, 548 F.2d 1083, 1084 (1st Cir. 1977)). Here, there is not an "inescapable conclusion" that Defendants filed in bad faith as they may have thought supplemental jurisdiction was proper given the contemporaneous filing of a related case. Because Defendants' removal was not clearly filed in "bad faith," Rule 11 sanctions should not be granted.

## **CONCLUSION**

After a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Doc. 25], but **MODIFIES** it on the matter of attorney's fees as provided herein. It is therefore **ORDERED** that Plaintiffs' Motion to Remand [Doc. 5] is **GRANTED** and Motion for Rule 11 Sanctions [Doc. 6] is **DENIED**. The court further awards Plaintiffs reasonable attorney's fees and costs directly related to Plaintiffs' efforts to have this matter remanded to state court. Plaintiffs shall submit their request for fees and costs, along with a memorandum addressing the reasonableness of such fees and costs, to the court within thirty (30) days of the entry of this order. Defendants shall submit their response

to Plaintiffs' request, if any, within fifteen (15) days of Plaintiffs' filing. All other pending motions in this case are **DISMISSED AS MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
June 27, 2012