**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| LOP Capital LLC, and ) <br> Strategic Lending Solutions LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Cosimo LLC, *et al*, ) <br> Defendants. ) <br> _____ ) | Civil Action No. 7:11-cv-03312-JMC <br><br> **OPINION & ORDER** |

This matter comes before the court on petition by Plaintiffs LOP Capital LLC ("LOP") and Strategic Lending Solutions LLC ("Strategic" and together with LOP, "Plaintiffs") for attorneys' fees, costs, and expenses pursuant to 28 U.S.C. § 1447(c). On November 8, 2011, Plaintiffs filed a foreclosure action in the Court of Common Pleas for Spartanburg County, South Carolina ("Foreclosure Action"). On December 6, 2011, Defendants Cosimo LLC, Capital Investment Funding LLC, and CIF Property Holdings LLC ("Defendants") removed the action to this court, asserting federal diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b). Defendants filed a complaint against Plaintiffs and several other individuals on December 6, 2011 (Civil Action No. 6:11-cv-3321-JMC-KFM), alleging misrepresentation, fraud and misconduct related to the actions of LOP and Strategic in the underlying Foreclosure Action.

On June 27, 2012, the court adopted Magistrate Judge McDonald's Report and Recommendation and remanded the case to state court. [Doc. 32]. The court did modify the Report and Recommendation as to attorneys' fees and awarded Plaintiffs "reasonable attorney's fees and costs *directly related* to Plaintiffs' efforts to have this matter remanded to state court." *Id.* (emphasis added). Plaintiffs' First Motion for Fees [Doc. 35] was denied without prejudice

for failure to comply with the court's Order adopting the Report and Recommendation. [Doc. 39]. The court counseled Plaintiffs that its Order adopting the Report specified that Plaintiffs' fees were limited to fees and costs "associated solely with pursuing the motion to remand." *Id.* The court reminded Plaintiffs that they were not to reargue the issue of sanctions, which had been denied, or request fees associated with related cases. *Id.* Moreover, Plaintiffs failed to address any of the lodestar factors in their initial request, thus the court was unable to properly evaluate the reasonableness of the requested amounts. *Id.* The court instructed Plaintiffs to refile their motion by January 18, 2013. *Id.* Plaintiffs filed an Amended Motion for Attorney Fees on December 21, 2012. [Doc. 40]. Defendants responded on January 11, 2013 [Doc. 42][1] and Plaintiffs replied on January 21, 2013 [Doc. 43].

Plaintiffs' petition requests that the court award them attorneys' fees totaling $20,300 and administrative costs of $110. Having carefully considered the petition, the record, and the applicable law, the court grants Plaintiffs' petition as limited herein.

## DISCUSSION

Courts may award fees to a party who submits a successful remand motion pursuant to 28 U.S.C. § 1447(c) ("an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

Upon a finding that an award of attorneys' fees is appropriate, as the court has already done here, the court is charged with determining the reasonable amount of fees to award to the petitioning party. *See In re Abrams & Abrams, P.A.*, 605 F.3d 238, 243 (4th Cir.2010) ("'[T]he

---

[1] Plaintiffs point out that Defendants' response was due on January 8, 2013, and was untimely filed on January 11, 2013. While this is the case, because Plaintiffs' Motion was filed early and immediately before the holidays, the court will consider the Response.

law of this circuit has long been clear that federal district courts have inherent power and an obligation to limit attorneys' fees to a reasonable amount.'") (citations omitted)). The court's determination of the reasonableness of a fee award begins with the court's calculation of the lodestar figure. *See Robinson v. Equifax Information Srvs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).[2] The lodestar amount is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Id.* The Fourth Circuit has adopted a 12-factor test for making a lodestar determination. These factors are as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

---

[2] Plaintiffs appear to argue that the court should apply the six factors set forth by the South Carolina Supreme Court in *Jackson v. Speed* to determine the reasonableness of fees, rather than the federal lodestar method. 326 S.C. 289 (1997). Those factors are: the nature, extent and difficulty of the legal services rendered; the time and labor necessarily devoted to the case; the professional standing of counsel; the contingency of compensation; the fee customarily charged for similar services; and the beneficial results obtained. *Id.* at 308. While the court disagrees with Plaintiffs' reasoning as to why the South Carolina test may apply (Plaintiffs argue that "[l]odestar is an extensive test and is only appropriate based on a granting of attorney fees on a state action, unlike the case at bar), the Plaintiffs do raise an interesting legal question of whether state or federal law should apply when the reasonableness of attorneys' fees is at issue. As a court in the Eastern District of Virginia noted, "a number of courts simply apply the federal lodestar method even though the fees are being awarded based on a state statute, without addressing which statute applies and why." *E.I. DuPont de Nemours and Co. V. Kolon Indus.*, --- F.Supp.2d ---, 2012 WL 6540072 at * 13 (E.D. Va. 2012). Moreover, various courts have noted that state law should control when a court is sitting in diversity jurisdiction but continue to apply the federal lodestar method. *See id.* at *15 (compiling cases). Here, the court need not definitively decide which method applies because the two are similar and Plaintiffs are entitled to fees even under the more onerous federal lodestar method. Additionally, because Plaintiffs are recovering fees under the federal removal statute, the court finds the federal method to be appropriately included in the analysis

*Robinson*, 560 F.3d at 243 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). The court may find that some of the factors are inapplicable; as such, these factors do not need to be strictly applied. *See E.E.O.C. v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990) (stating that seven of the factors did not affect the fee in that case and evaluating only those factors that did affect the fee).

*1. Time and labor expended*

Plaintiffs' counsel claims he spent 58 hours on the specific issue of remanding the case for a total request of $20,300.00 in fees. In support of this request, Plaintiffs attached a schedule of fees and costs to their Motion. [Doc. 40]. The Plaintiffs' Schedule includes a variety of tasks that are outside the court's directive of including only time "associated *solely* with pursuing the motion to remand." *See* [Doc. 40] (emphasis added). The court has stricken those time entries when arriving at its lodestar calculation. Such entries include:

- Local Rule 26.01; Answers to Interrogatories (1 hour)
- Answer to Complaint; Receipt and Review of Defendant Answer (4.5 hours)
- Order referring case to Magistrate Judge; Receipt and Review (.5 hours)
- Local Rule 26.01 Answers to Interrogatories; Receipt and Review (.5 hours)
- Scheduling Order; Mediation Order (.75 hours)
- Motion for Miscellaneous Relief Requesting Stay (1.5 hours)
- Order on Motion for Miscellaneous Relief, Research of cases (5 hours)
- Numerous calls to court regarding status and Rule 26F (1.5 hours)[3]

---

[3]The court has allowed .5 hours for this entry to be included in the lodestar calculation.

- Numerous communication with client advising of court action strategy (6 hours)[4]

- Numerous conversations with opposing counsel (3 hours[5]).[6]

The total of these excluded hours is 24.25 hours, which brings Plaintiffs' hours on the Motion to Remand to 33.75, for a fee total of $11,812.50.

*2. Novelty and difficulty of the questions presented by the lawsuit*

The court finds that this factor weighs in Plaintiffs' favor. The general subject matter of this litigation was not particularly complex, but Plaintiffs had to contemplate litigation in two courts and successfully brief issues of subject matter jurisdiction.

*3. Skill required to properly perform the legal service*

Given the nature of this litigation, Plaintiffs were justified in engaging knowledgeable, competent counsel to prosecute their claims.

*4. Preclusion of other employment opportunities*

This court finds this factor does not impact the fee decision.

*5. Customary fee and nature of fee*

This factor also suggests that Plaintiffs' motion should be granted. Based on the biographical information provided by Plaintiffs' counsel in support of his petition, the court finds that the rates charged by counsel are within the range of what attorneys in this market with his education, experience, and reputation reasonably charge.

---

[4]The court has allowed 1.0 hour for this entry to be included in the lodestar calculation.

[5]The court has allowed 1.0 hour for this entry to be included in the lodestar calculation.

[6]In their Reply, Plaintiffs do not appear to dispute that several time entries were not "solely associated" with the Motion to Remand but instead try to argue that the court should reconsider its prior ruling and consider time entries from the related case. The court declines to do so.

*6. Attorney's expectations at the outset of the litigation*

The court finds that this factor does not affect the attorneys' fee in this case.

*7. Time limitations imposed by the client or circumstances*

The court finds that this factor does not affect the attorneys' fee in this case.

*8. Amount in controversy and the results obtained*

This factor further supports the amount of fees claimed by Plaintiffs because they successfully remanded their case to state court. *See Brodziak v. Runyan*, 145 F.3d 194, 196 (4th Cir. 1998) (noting that the result obtained is an important factor in the lodestar calculation).

*9. The Experience, Reputation, and Ability of the Attorneys*

This factor favors the court's granting of Plaintiffs' petition. It is undisputed that Mr. Chase is an experienced litigator and enjoys a strong reputation in the community.

*10. The Undesirability of the Case Within the Legal Community*

The court finds that this factor does not affect the attorneys' fee in this case.

*11. Nature and length of the attorney's professional relationship with the client*

The court finds that this factor does not affect the attorneys' fee in this case.

*12. Fee awards in similar cases*

Considering its own experience in matters such as this, the court is of the opinion that the attorneys' fees which Plaintiffs seek, as limited by the court, are comparable to those fees awarded in similar actions.

Based on the court's evaluation above, the court determines that the factors weigh in favor of granting Plaintiffs' petition.

## CONCLUSION

For all of the reasons set forth above, the court **GRANTS in part** Plaintiffs' petition for attorneys' fees, costs, and expenses. This court finds that Plaintiffs are entitled to (1) an award of attorneys' fees in the amount of $11,812.50, and (2) administrative fees in the amount of $110.00, for a total award of $11,922.50.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

Greenville, South Carolina
May 7, 2013